**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOEL HOOD, ELIAS NEMIRI, GIDEON BAUER, ELIZABETH GOLEC, and ALEXYS TAYLOR, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL COMPUTER SYSTEMS, INC.,<br><br>Defendant.<br><br>This Document Relates to: All Actions | Master Docket No. 2:24-cv-00666-CCW |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

The Court, having considered all matters submitted, and finding no just reason for delay in entry of this Preliminary Approval Order,[1] and good cause appearing therefore, having considered all the other files, records, and proceedings in the Litigation, and being otherwise fully advised,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") is incorporated fully herein by reference.

2. The Court has jurisdiction over the claims at issue in this lawsuit; Plaintiffs Joel Hood, Elias Nemiri, Gideon Bauer, Elizabeth Golec, and Alexys Taylor (collectively, "Plaintiffs"),

[1] Unless otherwise indicated or defined separately herein, all capitalized terms share the same definitions as those terms are defined in the Settlement Agreement.

individually and on behalf of all others similarly situated; and Defendant Educational Computer Systems, Inc. ("ECSI," together with Plaintiffs, the "Parties").

3. Pending the Final Approval Hearing, all proceedings in this Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

4. This Order is based on and governed by Fed. R. Civ. P. 23.

5. The Court finds that the Parties' Settlement as set forth in **Exhibit 1** to the Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Class.

6. Pending final determination of whether the Agreement should be finally approved, Plaintiffs and all Settlement Class Members (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any action against the Released Persons insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral or other forum. This bar and injunction is necessary to protect and effectuate the Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction.

## PROCEDURAL HISTORY

7. This case arises from a Security Incident experienced by ECSI between on or around October 29, 2023, through on or about February 12, 2024, where an unauthorized actor or actors perpetrated a criminal cyberattack on ECSI, targeting a feature known as the guest tax search functionality that was then available on ECSI's website. During the attack, an unauthorized actor(s) may have accessed certain Personal Information, including information contained on Form

1098-Es and 1098Ts, such as names, addresses, email addresses, school names, identifiers internal to ECSI, relevant dollar amounts (tuition paid, scholarships/grants received, or student loan interest paid), last four digits of Social Security number, and, in limited cases, full Social Security numbers. The information potentially impacted may have included the data of approximately 2,577,994 individuals.

8. Beginning in March 2024, multiple putative class actions were filed in the United States District Court for Western District of Pennsylvania asserting claims and seeking remedies relating to the Security Incident. The actions were subsequently consolidated, and the Court appointed interim Co-Lead Class Counsel. ECF Nos. 17, 23. On September 13, 2024, Plaintiffs filed the operative Consolidated Amended Class Action Complaint ("CAC," ECF No. 30). The CAC asserts claims for: (i) negligence, (ii) breach of implied contract, (iii) unjust enrichment, (iv) invasion of privacy, and (v) declaratory relief.

9. On May 2, 2025, the Court granted in part and denied in part ECSI's motion to dismiss, dismissing Plaintiffs' claims for breach of implied contract and invasion of privacy, but permitting the remainder of the claims to proceed. ECF Nos. 38, 39. Defendant filed its Answer on May 23, 2025. ECF No. 42.

10. The Parties subsequently engaged in both formal and informal written discovery.

11. On August 19, 2025, the Parties engaged in a full-day mediation session with Ms. Jill Sperber of Judicate West. Though the Parties did not reach a resolution during that mediation, the Parties continued to engage in settlement discussions. The Parties held two more mediation sessions with Ms. Sperber on September 22 and September 26. Though the Parties still did not reach an agreement during those mediation sessions, Ms. Sperber made a mediator's proposal on September 29, 2025, which was accepted by the Parties on October 1, 2025. The Parties

memorialized the Settlement they reached in a term sheet executed on October 9, 2025, and ultimately executed a Settlement Agreement on January 16, 2026, which was submitted to the Court on January 16, 2026.

## SETTLEMENT BENEFITS

12. The Settlement negotiated on behalf of the Class provides for a $6,500,000 non-reversionary Settlement Fund that will be used to pay for Costs of Settlement Administration, Taxes and Tax-Related Expenses, and any Service Awards and Attorneys' Fees and Expenses Award the Court approves. The remaining amount, *i.e.*, the Net Settlement Fund, will be used to pay for Approved Claims submitted by Settlement Class Members. Settlement Class Members may submit a Claim Form for either of the following Settlement benefits:

a. Reimbursement of Out-Of-Pocket Losses: Settlement Class Members may submit a Claim Form for reimbursement of Out-Of-Pocket Losses seeking up to $5,000 per claimant for the reimbursement of Out-Of-Pocket Losses supported by reasonable documentation. Out-of-Pocket Losses must be more likely than not caused by the Security Incident to be recoverable. The Settlement Administrator will review these claims for compliance with the requirements of the Settlement Agreement.

b. Alternative Cash Payment: In lieu of claiming compensation for Out-of-Pocket Losses, Settlement Class Members may submit a Claim Form to receive a one-time payment of approximately One Hundred United States Dollars ($100.00) (the "Alternative Cash Payment"). The Alternative Cash Payment benefit is subject to a *pro rata* reduction or increase depending on the total number of Approved Claims submitted.

13. The Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 180 Days after the distribution of Settlement payments, the Parties

will instruct the Settlement Administrator to make a second distribution of those funds in equal amounts to all Settlement Class Members who redeemed or cashed their initial payments, provided that the subsequent payment is at least Five United States Dollars ($5.00). If, however, the residual amount in the Settlement Fund is insufficient to permit a second payment amount of at least Five United States Dollars ($5.00) to all such Settlement Class Members, then the Parties shall instruct the Settlement Administrator to make a *cy pres* payment by donating all remaining funds to an entity mutually agreed upon by the Parties and approved by the Court.

## SETTLEMENT CLASS CERTIFICATION

14. For purposes of settlement only, the Court provisionally certifies the Settlement Class, defined as follows:

> All Persons residing within the United States whose Personal Information was potentially accessed in the Security Incident.

Excluded from the Settlement Class are: the judge to whom the Litigation is assigned and any member of the judge's staff or immediate family; any Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge; and any individual who timely and validly opts out of the Settlement.

15. The Court provisionally finds, pursuant Fed. R. Civ. P. 23(a) and (b), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy.

**CLASS COUNSEL AND THE CLASS REPRESENTATIVES**

16. Plaintiffs Joel Hood, Elias Nemiri, Gideon Bauer, Elizabeth Golec, and Alexys Taylor are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

17. The Court finds that Nicholas A. Colella of Lynch Carpenter LLP and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP are experienced and adequate counsel, and are provisionally designated as Class Counsel.

**NOTICE TO SETTLEMENT CLASS**

18. No later than forty-five (45) Days after the entry of the Preliminary Approval Order (*i.e.*, the Notice Date), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Notice to the Settlement Class as follows:

a. Via email to those members of the Settlement Class for whom the Settlement Administrator has an email address;

b. If no email address is available, via USPS mail to the Settlement Class Member's last known postal address. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of members of the Settlement Class through the USPS National Change of Address database to update any change of address on file with the USPS;

c. In the event that a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the

envelope contains a forwarding address, the Settlement Administrator shall resend the Short Form Notice to the forwarding address within seven (7) Days of receiving the returned Short Form Notice;

d. In the event that subsequent to the first mailing of a Short Form Notice, and at least fourteen (14) Days prior to the Opt-Out Date and Objection Date, a Short Form Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular member of the Settlement Class in question and, if such an address is ascertained, the Settlement Administrator will resend the Short Form Notice within seven (7) Days of receiving such information. This shall be the final requirement for mailing; and

e. Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

19. Prior to the dissemination of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, at a URL agreed to by the Parties, that will inform members of the Settlement Class of the terms of this Agreement, their rights, dates and deadlines, and related Settlement information. The Settlement Administrator shall create, update, and maintain the Settlement Website. The Settlement Website shall include, in PDF format and available for download, the following: (i) the Claim Form; (ii) the Long Form Notice; (iii) this Preliminary Approval Order; (iv) the Agreement; (v) the Complaint; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall also provide the toll-free

telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly.

20. The Claim Form, Long Form Notice, and Short Form Notice attached as Exhibits 1, 2 and 3, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notices contain all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Notices, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

21. The Notice Program set forth in the Settlement Agreement provides the best notice practicable under the circumstances, and is hereby approved.

22. The Settlement Administrator is directed to carry out the Notice Program, as set forth in the Settlement Agreement.

**OPT-OUT AND OBJECTIONS**

23. Settlement Class Members may submit a request to exclude themselves from or object to the Settlement within sixty (60) Days after the Notice Commencement Date. Any Class Member may submit a request for exclusion from the Settlement by adhering to the requirements of Section IV.5 of the Settlement Agreement. Any individual in the Settlement Class who does not timely and validly request exclusion shall be bound by the terms of the Settlement Agreement even if he or she does not submit a valid claim.

24. Requests for exclusion may only be on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any Settlement Class Member who timely requests exclusion shall not: (i) be entitled to, nor shall they receive, any benefits provided to Settlement Class Members as set forth herein; (ii) be bound by the terms of this Settlement Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to or appeal from any aspect of the Settlement.

25. Any Settlement Class Member who wishes to object shall submit a timely written notice of his or her objection by the Objection Deadline, which is within sixty (60) Days after the Notice Commencement Date. For an objection to be considered by the Court, the objection must comply with all requirements set forth in Section IV.6 of the Settlement Agreement. All objections must be filed or postmarked on or before the Objection Deadline.

26. Any Settlement Class Member who fails to comply with the requirements for objecting in Section IV.6.1 shall waive and forfeit any and all rights he or she may have to appear separately or to object to this Settlement Agreement, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to this Settlement Agreement shall be through the provisions of Section IV.6.1.

27. Without limiting the foregoing, any challenge to the Settlement Agreement, this Preliminary Approval Order, and the Final Judgment Order shall be pursuant to the applicable appellate rules and not through a collateral attack.

## ADMINISTRATION OF SETTLEMENT

28. The Class Representatives, Class Counsel, ECSI, and ECSI's Counsel have created a process for assessing the validity of claims and a payment methodology to Settlement Class

Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement benefits to the Settlement Class and the plan for distributing the Settlement benefits as described in Section 3 of the Settlement Agreement.

29. The Court appoints Angeion Group, LLC as Settlement Administrator.

30. The Court directs that the Settlement Administrator effectuate the distribution of Settlement benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

31. Class Members who qualify for Settlement benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notices.

32. If the Final Judgment Order is entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notices and who do not timely exclude themselves from the Settlement Class shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment Order.

**FINAL APPROVAL HEARING**

33. A Final Approval Hearing shall be held by telephone on January 11, 2027, at 9:30 a.m., to be noticed on the Settlement Website.

34. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Judgment Order, and whether to grant the motion Class Counsel will make for the

Attorneys' Fees and Expenses Award and Service Awards. In advance of the Final Approval Hearing, Class Counsel shall submit a proposed Final Judgment Order that, among other things: (a) determines that the Settlement is fair, adequate, and reasonable; (b) finally certifies the Settlement Class for settlement purposes only; (c) finds that the Notice Program satisfies the requirements of due process; (d) bars and enjoins all Releasing Persons from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Judgment Order, bars and enjoins all Releasing Persons from pursuing any Released Claims against Released Persons at any time and in any jurisdiction, including during any appeal from the Final Judgment Order, and retains jurisdiction over the enforcement of the Court's injunctions; (e) releases ECSI and the Released Persons from the Released Claims; and (f) reserves the Court's continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including ECSI, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce the Agreement in accordance with its terms.

35. Class Counsel shall file a motion for the Attorneys' Fees and Expenses Award and the Service Awards within forty-five (45) Days after the Notice Commencement Date.

36. Class Counsel shall file a motion for final approval of the Settlement no later than ten (21) Days prior to the Final Approval Hearing.

**TERMINATION**

37. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with Section 10 of the Settlement Agreement.

38. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into the Settlement Agreement, and the Parties shall jointly file a status report in the Court proposing next steps for the Litigation. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*.

39. In the event the Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to ECSI. However, ECSI shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator any reasonable Costs of Settlement Administration actually incurred as of the date of the Settlement Agreement's termination. After payment of any Costs of Settlement Administration that have been actually incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall promptly return the balance of the Settlement Fund to ECSI following termination.

40. In the event of a termination, the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, ECSI's, and ECSI's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

41. In the event the Settlement is terminated in accordance with the provisions of the Agreement, any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Litigation or any other action or proceeding

for any purpose. In such event, all Parties to the Litigation shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court.

42. This order shall have no continuing force or effect if the Final Judgment Order is not entered and shall not be construed or used as an admission, concession, or declaration by or against ECSI of any fault, wrongdoing, breach, liability, or the certifiability of any class.

**SUMMARY OF DEADLINES**

43. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| **From Preliminary Approval Order** | |
|---|---|
| Defendant pays $300,000 into Settlement Fund | +15 Business Days |
| Defendant provides Class Member Information to Settlement Administrator | +20 Days |
| Notice Commencement Date, including activation of the Settlement Website | +45 Days |
| Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards | +90 Days (*i.e.*, within 45 Days after the Notice Commencement Date) |
| Objection Date | +105 Days (*i.e.*, 60 Days after the Notice Commencement Date) |
| Opt-Out Date | +105 Days (*i.e.*, 60 Days after the Notice Commencement Date) |
| Settlement Administrator provides Opt-Out List to Parties | +105 Days and 5 Business Days (*i.e.*, within 5 Business Days after the Opt-Out Date) |
| Claim Deadline | +135 Days (*i.e.*, 90 Days from the Notice Commencement Date) |
| Motion for final approval | At least 21 Days before Final Approval Hearing |
| Final Approval Hearing | +At least 160 Days |
| **From Final Judgment Order** | |
| Effective Date | +30 days and 1 Business Day, assuming no appeals |

| **From Effective Date** | |
|---|---|
| Defendant pays $6,200,000 into Settlement Fund | +15 Business Days |
| Payment of Attorneys' Fees and Expenses and Class Representative Service Awards | +30 Days |
| Payments to Settlement Class Members from Settlement Fund | +45 Days |
| Settlement Website deactivated by Settlement Administrator | +180 Days |

44. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court. However, any continuance by the Court will be noted on the Settlement Website.

45. The Parties shall have the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of the Agreement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

DATED this 5th day of August, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record